IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ED COX, JR.,
    Petitioner,

vs.                                      Case No.: 4:17cv338/RH/EMT

JULIE L. JONES,
    Respondent.
_____/

## ORDER and REPORT AND RECOMMENDATION

This cause is before the court on an amended petition for writ of habeas corpus filed by Petitioner under 28 U.S.C. § 2254 (ECF No. 29). Respondent filed a motion to dismiss the petition for failure to exhaust state court remedies (ECF No. 52). Alternatively, Respondent asserts the court may stay this proceeding and hold it in abeyance if the court determines that Petitioner's amended petition contains both exhausted and unexhausted claims (*see id.* at 8). Petitioner filed a response in opposition to Respondent's motion to dismiss (ECF No. 54). Petitioner also filed a document titled, "Amended Records on Appeal" (ECF No. 55), in which he requests an expedited ruling in this case.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2(B); *see also* 28 U.S.C. § 636(b)(1)(B), (C) and Fed. R. Civ.

P. 72(b). After careful consideration of all issues presented by the parties, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rule 8(a), Rules Governing Section 2254 Cases. It is further the opinion of the undersigned that the amended petition is a "mixed" petition, meaning that it includes both exhausted and unexhausted claims, and it should be stayed, rather than dismissed, to enable Petitioner to exhaust his available state court remedies, pursuant to Rhines v. Weber, 544 U.S. 269, 278 125 S. Ct. 1528, 161 L. Ed. 2d 440 (2005).

I.   BACKGROUND AND PROCEDURAL HISTORY

Petitioner was charged in the Circuit Court in and for Gadsden County, Florida, Case No. 2014-CF-554 with one count of sale of a controlled substance (cocaine) (Count I) and one count of possession of a controlled substance (cocaine) with intent to sell or deliver (Count II) (Ex. A).[1] Petitioner was charged in Case No. 2014-CF-555 with one count of sale of a controlled substance (cocaine) (Count I) and one count of possession of a controlled substance (cocaine) with intent to sell or deliver (Count II) (Ex. B). Petitioner was charged in Case No. 2014-CF-556 with one

---

[1] Hereinafter all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (ECF No. 52). If a cited page has more than one page number, the court cites to the "Bates stamp" page number.

count of sale of a controlled substance (cocaine) (Count I) and one count of possession of a controlled substance (cocaine) with intent to sell or deliver (Count II) (Ex. C).

On November 5, 2015, Petitioner entered, and the trial court accepted, a no contest plea in each case, with the knowledge that each count carried a maximum sentence of fifteen (15) years in prison (Exs. D, E, F, G). According to Petitioner's Criminal Punishment Code Scoresheet, his lowest permissible prison sentence was 35.1 months (*see* Exs. G, L). On December 10, 2015, the court sentenced Petitioner to forty-eight (48) months in prison on each count, with all sentences running concurrently and with pre-sentence jail credit of 62 days (Exs. H, I, J, K). Petitioner did not appeal the judgment (*see* Ex. M, N, O).

In January of 2016, Petitioner filed a motion to correct illegal sentence in all three cases, pursuant to Rule 3.800 of the Florida Rules of Criminal Procedure (Ex. P at 8–13). The state circuit court denied the motion in an order rendered on May 9, 2016 (*id.* at 27–28). Petitioner appealed the decision to the Florida First District Court of Appeal ("First DCA"), Case No. 1D16-2668 (*see id.* at 52–53). The First DCA affirmed the circuit court's decision per curiam without written opinion on January 5, 2017 (Ex. T).[2] Cox v. State, 222 So. 3d 1205 (Fla. 1st DCA 2017) (Table).

---

[2] Prior to the circuit court's ruling on the Rule 3.800 motion, Petitioner filed a petition for writ of mandamus in the First DCA, Case No. 1D16-1603 (*see* Ex. P at 1–3, 14–26, 44–47). On May 27, 2016, the First DCA dismissed the petition as moot (*id.* at 51).

Case No.: 4:17cv338/RH/EMT

Petitioner provided a motion for rehearing to prison officials for mailing on January 17, 2017 (Ex. U). The Attorney General's Office received a service copy, but there is no indication on the First DCA's docket that the court received it (*see* Ex. R). The First DCA issued the mandate on January 31, 2017 (Ex. V). On February 15, 2017, Petitioner provided a document titled, "Supplementing Records Requests" to prison officials for mailing (*see* Ex. W). Petitioner included First DCA Case No. 1D16-2668 and Gadsden County Circuit Court Case Nos. 2014-CF-000554–556 in the caption of the document (*see id.*). The document was received and filed in the circuit court (*see* Ex. M), but there is no indication on the First DCA's docket that the First DCA received it (*see* Ex. R). On or about May 5, 2017, Petitioner provided a document titled, "Amended Complaint to Motion for Rehearing" to prison officials for mailing (*see* Ex. X). Petitioner included First DCA Case No. 1D16-2668 and Gadsden County Circuit Court Case Nos. 2014-CF-000554–556 in the caption of the document (*see id.*). The document was received and filed in the First DCA (*see* Ex. R). On June 6, 2017, the First DCA struck the motion as unauthorized (Ex. Y). On June 14, 2017, Petitioner filed a "Motion to Reinstate" in the First DCA (Ex. Z). The First DCA denied the motion on July 19, 2017 (Ex. AA).

    In the meantime, on January 18, 2017, Petitioner filed a motion for post-conviction relief in the state circuit court, pursuant to Rule 3.850 of the Florida Rules

of Criminal Procedure (Ex. BB). On July 6, 2017, the circuit court dismissed the Rule 3.850 motion without prejudice, because it failed to contain an oath or the certification required by Rule 3.850(c), and (n)(2) (Ex. CC). Petitioner filed an amended Rule 3.850 motion on August 23, 2017 (Ex. DD), and a second amended motion on October 23, 2017 (Ex. EE). On January 24, 2018, the circuit court directed the State to respond to all of the motions within 60 days (Ex. FF).[3] The State filed a response to Petitioner's second amended motion, indicating that two of Petitioner's claims required an evidentiary hearing (Ex. GG). On July 4, 2018, Petitioner filed a motion to add a double jeopardy claim (Ex. HH). The circuit court dismissed the motion to amend on September 7, 2018 (Ex. II). According to the circuit court's online public docket, Petitioner filed a document titled, "Inquiry to Hear and Rule" on October 28, 2018, requesting that the court schedule an evidentiary hearing.

Petitioner commenced this federal habeas case on July 30, 2017, during the pendency of the Rule 3.850 proceeding (*see* ECF No. 1). Petitioner filed an amended

---

[3] During this time, Petitioner filed a petition for writ of mandamus in the First DCA, Case No. 1D17-2268. See Cox. v. State, 228 So. 3d 708 (Fla. 1st DCA 2017) (Mem). The First DCA denied the petition on October 20, 2017. *Id.* Petitioner also filed a petition for writ of mandamus in the Florida Supreme Court, Case No. SC17-1766. See Cox. v. State, 2018 WL 258854 (Fla. Jan. 2, 2018). The Florida Supreme Court denied the petition on January 2, 2018. *Id.*

Case No.: 4:17cv338/RH/EMT

petition on June 19, 2018 (ECF No. 29).[4] Petitioner asserts the following grounds for relief:

> Ground One: "The Petitioner was being sentenced according to his scoresheet as agreement. The trial court [was] supposed [to have] sentenced Petitioner to three years. Petitioner's prior record were [sic] used to help enhance his guideline scoresheet, which [sic] those charges or crimes did not exist."
>
> Ground Two: "Trial court failure to order presentence investigation report (PSI) because state prosecutor use [sic] charges that increased Defendant's guidelines scoresheet. Trial counsel prejudice [sic] the outcome by not object [sic] to the departure sentence. The outcome could have been different but for his unprofessional judgment. Defendant was prejudice [sic] in the outcome of sentencing."
>
> Ground Three: "The trial court made no written finding supported by the record to justify an upward departure from the presumptive mandatory sentences. Trial counsel prejudice [sic] the outcome by not object [sic] to the non-guideline sentence as an error of law affecting the calculation of a sentence."

(ECF No. 29 at 5–6, 8). Petitioner states he presented Ground One to the state courts in his Rule 3.800 motion and appeal of the circuit court's denial of that motion (*id.* at 5–6). He states he presented Grounds Two and Three in the Rule 3.850 proceeding (*id.* at 6–9).

---

[4] Petitioner commenced a second habeas action in this court on January 21, 2018 (*see* ECF No. 24). The court consolidated that case with the instant case (*see id.*), and provided Petitioner an opportunity to present all of his habeas claims in an amended petition (*see* ECF No. 25). Petitioner filed the instant amended petition in response to that order.

Case No.: 4:17cv338/RH/EMT

Respondent contends the habeas petition is premature, because the Rule 3.850 proceeding, in which Petitioner presented Grounds Two and Three, is still pending (*see* ECF No. 52). Respondent contends this federal habeas case should be dismissed without prejudice to enable Petitioner to satisfy the exhaustion requirement (*id.* at 6–8). Respondent asserts in the alternative, the court may stay this proceeding and hold it in abeyance, pursuant to Rhines, if the court determines the petition is a "mixed" petition (*id.* at 8).

In Petitioner's response to the motion to dismiss and his subsequently filed "Amended Records on Appeal," Petitioner requests that the court rule on his amended habeas petition (*see* ECF Nos. 54, 55).

II. DISCUSSION

It is a long-standing prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1),[5] thereby giving the State the "'opportunity to pass upon and correct'

---

[5] Section 2254 provides, in pertinent part:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that–
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B) (i) there is an absence of available State corrective process; or
        (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
. . . .

Case No.: 4:17cv338/RH/EMT

alleged violations of its prisoners' federal rights." Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (quoting Picard v. Connor, 404 U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971) (citation omitted)). To satisfy the exhaustion requirement, the petitioner must "fairly present" his claim in each appropriate state court, alerting that court to the federal nature of the claim. Duncan, 513 U.S. at 365–66; O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); Picard, 404 U.S. at 277–78.

If a petitioner fails to exhaust state remedies with respect to all of his habeas claims, a district court should dismiss the petition without prejudice to allow exhaustion. *See* Rose v. Lundy, 455 U.S. 509, 519–20, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982) (emphasis added); Ward v. Hall, 592 F.3d 1144, 1156 (11th Cir. 2010). In Rhines, the Supreme Court held that in the case of a "mixed" petition, i.e., a petition which included both exhausted and unexhausted claims, the district court should stay the case and hold it in abeyance pending exhaustion in state court of the unexhausted claims. 544 U.S. at 275–76. A stay is appropriate only if (1) the petitioner had "good cause" for failing to exhaust the claim in state court, (2) the

---

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 254(b)–(c).

unexhausted claim is "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 277–78. Alternatively, if a stay is deemed inappropriate, the district court must "allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal fo the entire petition would unreasonably impair the petitioner's right to obtain federal relief." *Id.* at 278.

Petitioner's amended petition is a "mixed" petition. Ground One was exhausted in the Rule 3.800 proceeding and appeal, but Grounds Two and Three are still awaiting disposition by the state circuit court in the Rule 3.850 proceeding.

Furthermore, the court agrees with Respondent that a stay would be appropriate. Petitioner arguably had good cause for filing a premature federal habeas petition, because the relatively short duration of his prison sentence (Petitioner's release date is March 3, 2019) rendered it unlikely that he would satisfy the "in custody" requirement of § 2254(a) if he waited until final disposition of the Rule 3.850 proceeding and appeal.

Petitioner also satisfies the "potentially meritorious" prong of the <u>Rhines</u> standard. Few courts have clarified what makes a claim "potentially meritorious" under <u>Rhines</u>. The Ninth Circuit interpreted <u>Rhines</u> to require only that a petitioner show that "at least one of his unexhausted claims is not 'plainly meritless.'" <u>Dixon</u>

v. Baker, 847 F.3d 714, 722 (9th Cir. 2017) (quoting Rhines, 544 U.S. at 277). The Ninth Circuit stated, "In determining whether a claim is 'plainly meritless,' principles of comity and federalism demand that the federal court refrain from ruling on the merits of the claim unless it is perfectly clear that the petitioner has no hope of prevailing." Id. (internal quotation marks and citation omitted). In an unpublished opinion, the Third Circuit approved a similar focus, dismissing claims that are "legally impossible or lack any factual support," and finding claims potentially meritorious if they are "plausible, even where the facts underlying those claims are contested." Tarselli v. Superintendent Greene SCI, 726 F. App'x 869, 876 (3d Cir. 2018).

Here, Grounds Two and Three are not legally impossible or completely lacking in factual support, and it is not perfectly clear that Petitioner has no hope of prevailing on either claim. Further, it appears that further factual development of Petitioner's post-conviction claims will occur in the state courts. Therefore, Petitioner arguably satisfies the "potentially meritorious" prong of the Rhines standard.

With respect to Rhines' third prong, the court finds no indication that Petitioner has engaged in intentional or abusive dilatory litigation tactics. To the contrary, Petitioner has been urging disposition of his claims by filing motions requesting such in the state circuit court and mandamus petitions in the higher state courts. Therefore the third prong of Rhines is satisfied.

For these reasons, the undersigned concludes that this case should be stayed until all of Petitioner's federal habeas claims are exhausted in the state courts.

Accordingly, it is **ORDERED**:

Petitioner's "Amended Records on Appeal" (ECF No. 55) is **GRANTED ONLY TO THE EXTENT THAT** this Report and Recommendation has issued, but the motion is **DENIED** to the extent Petitioner seeks any other relief.

And it is respectfully **RECOMMENDED**:

1.   That Respondent's motion to dismiss (ECF No. 52) be **DENIED**;

2.   That this habeas case be **STAYED** and removed from the court's active docket until further order; and

3.   That Petitioner be required to file a status report every ninety (90) days, beginning on a date to be set by the District Judge.

At Pensacola, Florida, this 11th day of January 2019.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**